# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES G. STAMOS, JR., | CV F   04 5105 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING WITH LEAVE TO AMEND (Doc. 15.) |
| RAMERIZ, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK DOCUMENTS |
| Defendants. | |

James G. Stamos, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 16, 2004.

On March 19, 2004, this Court screened Plaintiff's original Complaint and issued an Order dismissing the Complaint with leave to amend. (Doc. 14.)  Plaintiff filed an Amended Complaint on April 6, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The events at issue in the instant action allegedly occurred at the Mariposa County Jail, where Plaintiff was housed at the time. Plaintiff names Sheriff's Deputies Rameriz and D. Estep, and Sergeant Parrish as defendants. Plaintiff is seeking money damages and injunctive relief.

Although somewhat incoherent, the Complaint alleges that on June 8, 2002, Defendant Estep shot him with a pepperball gun using excessive force. Plaintiff further alleges that Officer Rameriz was harassing him on the intercom and that Sgt. Parrish "authorized them to use the gun." Plaintiff states that there was no supervisor at the scene and that he was denied medical care as a way to cause infection but was provided first aid care the next day. Plaintiff states he was placed in a rubber room with no toilet for hours for no reason and that this was a form of punishment by Estep and Rameriz. Plaintiff also alleges that his grievances went unanswered and that his disciplinary hearing was unfair by Lt. Patterson. Plaintiff states that he was transferred that evening to another facility in violation of his due process rights. Finally, Plaintiff states that his personal property was lost or stolen.

**C. CLAIMS FOR RELIEF**

*1. Property*

As indicated in this Court's prior Order, the allegation that Plaintiff's property was either lost or stolen does not give rise to a claim for relief under section 1983. The loss or theft of

Plaintiff's property simply does not rise to the level of a constitutional violation. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

### 2. Inmate Grievance Procedure

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Plaintiff's allegations concerning the appeals process and its deficiencies "[do] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 484-86; Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).

In his Complaint, Plaintiff alleges that his grievance was unanswered. However, this allegation is insufficient to state a claim for relief. Plaintiff was informed in the Court's prior Order that because he does not have a liberty interest at stake with respect to the inmate grievance procedure, such allegations do not give rise to a claim for relief under section 1983 for violation of the Due Process Clause.

### 3. Eighth Amendment - Excessive Force

Plaintiff was provided the law for raising claims of excessive force in the Court's Order dismissing with leave to amend. However, Plaintiff again fails to state a claim for relief.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing

3

Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.

In his complaint, Plaintiff merely states that Defendant Estep used a pepperball gun on him with excessive force.  This allegation, however, is conclusory and is insufficient to give rise to a claim for relief under section 1983 for use of excessive force.  The Court has provided Plaintiff with the applicable legal standards and informed him that he must allege facts in support of his claim that the force used was excessive.  Accordingly, Plaintiff again fails to state a claim for relief.

### 4. Medical Care - Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle v. Gamble, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff's contention in the Amended Complaint is the same as it was in the original complaint. Plaintiff was informed that his allegation that he did not receive any medical treatment for his cuts and abrasions until the next afternoon is insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Plaintiff fails to link any of the defendants to an act or omission giving rise to a violation of his rights. Accordingly, again Plaintiff fails to state a claim for relief under the Eighth Amendment.

### 5. Defendants Patterson, Rameriz and Parrish

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

1  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
2  (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
3  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
4  in another's affirmative acts or omits to perform an act which he is legally required to do that
5  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th
6  Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named
7  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's
8  federal rights. Because plaintiff has alleged no facts linking Patterson, Rameriz or Parrish to any
9  acts or omissions that demonstrate a violation of his rights, Plaintiff fails to state any claims for
10 relief against Defendants Patterson, Rameriz and Parrish.

11     Again, to the extent Plaintiff wishes to hold Parrish liable as a supervisor, Plaintiff must
12 allege facts indicating that supervisory defendants either: personally participated in the alleged
13 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
14 promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
15 constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black,
16 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040,
17 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged
18 to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507
19 U.S. 163, 168 (1993). The Amended Complaint before the Court alleges no such facts.

20 **D. CONCLUSION**

21     The Court finds that Plaintiff's complaint does not contain any claims upon which relief
22 can be granted under § 1983 against any of the defendants. The Court will provide Plaintiff with
23 time to file a Second Amended Complaint curing the deficiencies identified above should he
24 wish to do so.

25     Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
26 resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
27 1980). The Amended Complaint must specifically state how each defendant is involved.
28 Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

1 connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423,
2 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588
3 F.2d 740, 743 (9th Cir. 1978).

4      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
5 be complete in itself without reference to any prior pleading.  As a general rule, an Amended
6 Complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.
7 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
8 function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each
9 claim and the involvement of each defendant must be sufficiently alleged.  The Amended
10 Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the
11 appropriate case number, and be an original signed under penalty of perjury.

12 **E. ORDER**

13      The Court HEREBY ORDERS:

14   1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights
15        complaint form;
16   2.    The First Amended Complaint is DISMISSED with leave to amend.  Within
17        THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
18     a.    File a Second Amended Complaint curing the deficiencies identified by
19          the Court in this Order, or
20     b.    Notify the Court in writing that he does not wish to file an Second
21          Amended Complaint and pursue the action but instead wishes to voluntary
22          dismiss the case.

23      Plaintiff is forewarned that his failure to comply with this Order may result in a
24 Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

25 IT IS SO ORDERED.

26 **Dated:   July 15, 2005**                /s/ Lawrence J. O'Neill
    b9ed48                                  UNITED STATES MAGISTRATE JUDGE
27
28