UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES G. STAMOS, JR., | | CV F   04 5105 AWI LJO P |
| | Plaintiff, | |
| | | FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR ORDER THAT ALL DOCUMENTS BE KEPT IN PLAINTIFF"S POSSESSION SHOULD HE BE TRANSFERRED (Doc. 22.) |
| | v. | |
| RAMERIZ, et. al., | | |
| | Defendants. | |

James G. Stamos, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2004.

On January 10, 2005, Plaintiff filed a pleading titled "Motion/Request All Documents Be Kept In My Possession During Transfer to Any Place. . ." In this pleading, Plaintiff requests that the Court issue an Order requiring that Plaintiff's legal materials be transferred with Plaintiff should he be transferred at any time during the course of the action. Plaintiff says that the Order would prevent the documents from being lost or destroyed.   The court construes Plaintiff's request as a request for preliminary injunctive relief.

The legal principles applicable to a request for preliminary injunctive relief are well

established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id.

In this case, Plaintiff's fear of a transfer without his legal property is speculative. Speculative injury, however, does not constitute irreparable harm. Goldies' Bookstore, Inc. v. Superior Court of the State of California, 739 F.2d 466, 472 (9th Cir. 1984).

In addition, the court is unable to issue any order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). The Court most recently issued an Order dismissing the Complaint with leave to amend because the complaint did not state a cause of action. Thus, no Defendants have yet appeared in the action. Moreover, because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972). Since the complaint in this case does not contain cognizable claims for relief, there is no controversy present and the court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of Plaintiff's claims.

Accordingly, the Court RECOMMENDS that the Request for an Order requiring that Plaintiff's property accompany him on any transfer be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted

1  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3  District Court, Eastern District of California.  Within FIFTEEN  (15) days after being served
4  with a copy of these Findings and Recommendations, any party may file written Objections with
5  the Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7  and filed within TEN (10) court days (plus three days if served by mail) after service of the
8  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10 may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153
11 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 16, 2005**          /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE