# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| | CV F   04 5105 AWI LJO P |
| JAMES G. STAMOS, JR., | ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 40) |
| Plaintiff, | |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK FORMS AND COURTESY COPY OF ORDER DISMISSING |
| RAMERIZ, et. al., | WITH LEAVE TO AMEND (Doc. 26.) |
| Defendants. | |

James G. Stamos, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2004.

On March 19, 2004, this Court screened Plaintiff's original Complaint and issued an Order dismissing the Complaint with leave to amend. (Doc. 14.) Plaintiff filed an Amended Complaint on April 6, 2004. On July 15, 2005, the Court dismissed the Complaint with leave to amend and granted Plaintiff to August 22, 2005, to file a Second Amended Complaint. Plaintiff moved for an extension of time on August 22, 2005, and September 19, 2005, which were granted on October 4, 2005. Plaintiff then filed an extension of time on October 19, 2005. This extension of time was granted on November 18, 2005. Plaintiff filed declaration on December 8, 2005, which was construed as a third request for an extension of time and was granted on January 10, 2006. However, the allotted time passed and Plaintiff did not file a Second Amended Complaint. Thus, the Court issued Findings and Recommendations on February 13,

1  2006, that the action be dismissed for Plaintiff's failure to prosecute.

2  On February 13, 2006, Plaintiff filed a pleading titled "Motion to Continue Extension for
3  Amend" wherein he states that the delay is due to his not having a blank civil rights form. The
4  Court notes further that on February 22, 2006, Plaintiff submitted a document titled
5  "AMMEDED [sic] COMPLAINT - NON PRISONER."  The document also included a civil
6  cover sheet.  On February 27, 2006, Plaintiff filed a "Proof of Service"

7  The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
9  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
12  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
13  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
14  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
16  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
17  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
18  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
19  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
20  complaint under this standard, the court must accept as true the allegations of the complaint in
21  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
22  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
23  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

24  In reviewing the pleadings submitted, it appears that Plaintiff is attempting to comply
25  with the Court's most recent order to submit a Second Amended Complaint, however, the
26  proposed Amended Complaint does not comply with the Court's order in that it does not cure
27  any of the deficiencies outlined in the Order dismissing with leave to amend.  In fact, the
28  proposed Amended Complaint is not on a form Complaint, does not delineate the claims for

relief, the facts that support it, whether Plaintiff has exhausted his administrative remedies and does not state a demand for relief.  The document consists of one page and is in narrative form.  The words and sentences are so close together that it is extremely difficult to read.  It is clear from the Court's review that the pleading does not cure any of the deficiencies outlined by the Court.  Thus, the Court will again dismiss the Complaint with leave to amend.  The Court will also direct the Clerk of Court to send Plaintiff a courtesy copy of the Court's Order dismissing with leave to amend outlining the deficiencies in the Complaint and providing him with the relevant law.   In the event Plaintiff does not comply with the Court's Order and submit the Third Amended Complaint within the allotted time frame, the Court will forward the Findings and Recommendations to dismiss to the District Court for resolution.  Should Plaintiff provide the Third Amended Complaint as required, the Court will vacate the Findings and Recommendations and screen the case in due course.  Plaintiff is urged to make his Complaint *legible* (readable), not to include citations to case law or other extraneous information, and to separate out each claim for relief with a brief statement of the facts that support his claim for relief.  This will assist the Court in determining whether the action states a cognizable claim for relief.

     Plaintiff is reminded that the Court's Order dismissing with leave to amend issued in July of last year and Plaintiff has sought numerous extensions of time for many reasons.  The Court cannot delay the case indefinitely awaiting compliance by Plaintiff.  However, the Court does recognize Plaintiff's difficulties and that he has been released from custody and may not have all of his documentation.  The Court will provide Plaintiff with the necessary copy of the Order dismissing the Complaint with leave to amend which provides Plaintiff with all that he needs to formulate a Third Amended Complaint.  Thus, the Court will not consider extensions of time unless Plaintiff provides extremely good cause.  As noted above, the Order dismissing the Complaint issued last year and Plaintiff has had more than ample time to submit an Amended Complaint that cures the deficiencies.

     The Third Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and contain an original signature made under penalty of perjury.

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form AND a courtesy copy of the Order dismissing with leave to amend issued on July 15, 2005 (Doc. 26.);

2. The Second Amended Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File a THIRD AMENDED COMPLAINT curing the deficiencies identified by the Court in its Order of July 15, 2005; or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:    March 3, 2006                    /s/ Lawrence J. O'Neill
b9ed48                                     UNITED STATES MAGISTRATE JUDGE