1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CV F   04 5105 AWI LJO P

JAMES G.  STAMOS, JR.,

                Plaintiff,

     v.

RAMERIZ, et.  al.,

                Defendants.

_____/

ORDER DIRECTING CLERK OF COURT TO RETURN LODGED SUPPLEMENTAL COMPLAINT TO PLAINTIFF

     James G. Stamos, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 16, 2004.

     On March 19, 2004, this Court screened Plaintiff's original Complaint and issued an Order dismissing the Complaint with leave to amend.  (Doc.  14.)  Plaintiff filed an Amended Complaint on April 6, 2004.  On July 15, 2005, the Court dismissed the Complaint with leave to amend and granted Plaintiff to August 22, 2005, to file a Second Amended Complaint.   Plaintiff filed a Second Amended Complaint on February 22, 2006.  The Court dismissed the Second Amended Complaint on March 3, 2006.

     On April 4, 2006, and April 7, 2006, Plaintiff filed a Third Amended Complaint.  This

1

1   Complaint is pending review by the Court.

2          On June 12, 2006, Plaintiff submitted a pleading titled "Supplemental Complaint to

3   Docket #32.)  This pleading was lodged, rather than filed by the Court.   The Court has examined

4   the purported Supplemental Complaint and now Orders that it be returned to Plaintiff for the

5   following reasons.

6          A plaintiff may amend his complaint once "as a matter of course," and without leave of

7   Court, before a response has been filed under Federal Rule of Civil Procedure 15(a).

8   Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is

9   required for all other amendments.  Rule Civ. P. 15(a).  While the Court should freely give leave

10  to amend if justice requires, the Court may deny leave to amend if the amendment would be

11  futile or subject to dismissal.  Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th

12  Cir. 1991).

13         Here, Plaintiff did not seek leave of court prior to submitting the Supplemental

14  Complaint.  Moreover, Plaintiff may not "supplement" a Complaint in the manner in which he

15  has attempted.   Local Rule 15-220 requires that an Amended Complaint be complete in itself

16  without reference to prior pleadings.  Thus, a supplemental complaint is not permitted.

17         The Court notes further that Plaintiff has attempted to include new Defendants and new

18  claims.  Plaintiff states that the events he wishes to include occurred in 2005.  However, as the

19  events accrued after Plaintiff initiated this case, they cannot now be included in the action.

20         Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

21  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

22  a prisoner confined in any jail, prison, or other correctional facility until such administrative

23  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a)

24  exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 534

25  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

26  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

27  administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,

28  532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need

2

1   not meet federal standards, nor must they be 'plain, speedy, and effective." ' <u>Porter</u>, 534 U.S. at

2   524 (*citing* <u>Booth</u>, 532 U.S. at 739 n. 5).   ***Exhaustion must occur prior to filing suit.***   <u>McKinney</u>

3   <u>v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (emphasis added).   Plaintiff may not exhaust

4   while the suit is pending. <u>McKinney</u>, 311 F.3d at 1199-1201.

5           Even had Plaintiff had exhausted his administrative remedies, Plaintiff's newest

6   complaints arose in San Carlos, California.   Venue for such claims, thus, is appropriate in the

7   Northern District of California and not the Eastern District, Fresno Division.

8           In light of all of the above, the Court HEREBY ORDERS:

9       1.      The Clerk of Court is DIRECTED to return Plaintiff's lodged "Supplemental

10               Complaint" to Plaintiff, unfiled.

11    IT IS SO ORDERED.

12   **Dated:    June 16, 2006**                            **/s/ Lawrence J. O'Neill**
     b9ed48                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28