# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES G. STAMOS, JR., | CV F 04 5105 AWI NEW (DLB) P |
|         Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM FOR RELIEF (Doc. 44.) |
| RAMERIZ, et. al., | |
|         Defendants. | |

James G. Stamos, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 16, 2004.

On March 19, 2004, this Court screened Plaintiff's original Complaint and issued an Order dismissing the Complaint with leave to amend. (Doc. 14.) Plaintiff filed an Amended Complaint on April 6, 2004. On July 15, 2005, the Court dismissed the Complaint with leave to amend and granted Plaintiff to August 22, 2005, to file a Second Amended Complaint. Plaintiff filed a Second Amended Complaint on February 22, 2006. The Court dismissed the Second Amended Complaint on March 3, 2006.

On April 4, 2006, and April 7, 2006, Plaintiff filed a Third Amended Complaint. This Complaint is pending review by the Court.

On June 12, 2006, Plaintiff submitted a pleading titled "Supplemental Complaint to Docket #32.) This pleading was lodged, rather than filed by the Court. The Court examined the

purported Supplemental Complaint and issued an Order that it be returned to Plaintiff because Plaintiff did not seek leave to amend before its submission and it was not a Complete Amended Complaint. In addition, Plaintiff appeared to be attempting to include claims that arose after he filed this action against new Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. CLAIMS FOR RELIEF**

The events at issue in the instant action allegedly occurred at the Mariposa County Jail, where Plaintiff was housed at the time. Plaintiff names Sheriff's Deputies Rameriz and D. Estep, Sergeant Parrish, and Susan Patterson as Defendants. Plaintiff alleges that Defendant Estep threatened to use pepper spray on Plaintiff when he entered Plaintiff's security cell to remove a paper towel from the speaker. (Third Am. Compl. At 2.) Plaintiff states neither Defendant

Ramirez or Defendant Parrish have the authority to authorize the use of pepper spray. Plaintiff claims that pepper spray was created for "self defense" and not for threatening use or to remove a paper towel from the speaker. Plaintiff also alleges that the grievance he submitted to report the misconduct was not properly handled by Susan Patterson.

**C. CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*1. Excessive Force*

When a prison security measure is undertaken in response to an incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 4, 5-7, 112 S.Ct. 995, 999 (1992). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078 (1986). Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived

by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response. Id., at 321. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Whitley v. Albers, *supra* at 319; see also, Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992).

In this case, Plaintiff states that he was "threatened" with the use of force when a guard entered his cell to remove a paper towel from the speaker. (Third Am. Compl. at 2.) However, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); also, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983). Here, Plaintiff alleges no facts that force by pepper spray was actually used. Accordingly, Plaintiff fails to state a claim for relief.

### *2. Inmate Appeals Process*

Plaintiff also complains that his inmate grievance was not properly handled by Susan Patterson.

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. Accordingly, Plaintiff also fails to state a claim against Susan Patterson.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 21, 2007**          /s/ **Dennis L. Beck**
3b142a                                                      UNITED STATES MAGISTRATE JUDGE

5